Louis L. Friedman, J.
In a foreclosure action, plaintiff moves for summary judgment. The pleadings before the court allege that the grounds for the foreclosure are the failure of the defendant to make payment of principal installments which were due on the 17th day of June, 1957, and on the 17th day of July, 1957. Plaintiff further alleges that by reason of such default, she has elected to declare the entire amount of the indebtedness unpaid, as due and payable, and that the balance of $7,200 is therefore now due and owing.
Although upon the two arguments of the motion, plaintiff stated that defendant had failed to make some payment of real estate tax prior to the commencement of this action, nothing in the complaint indicates that this action is brought by reason of any such default.
In opposition to the motion for summary judgment, defendant points out that the payments which it is claimed were not made have actually been paid. Upon the argument of the motion, defendant’s attorney stated that some checks were presented to plaintiff, which plaintiff refused to cash in, order to create a default, and defendant asserted its readiness and willingness to pay the full balance of the mortgage if plaintiff so desired, together with any accrued interest thereon. Under these circumstances, the court called a conference of both attorneys and, since the defendant was willing to pay the full indebtedness together with all accrued interest thereupon, the court inquired of plaintiff’s attorney whether such amount would be accepted. Plaintiff’s attorney stated that he would not so accept and insisted that his client was entitled to a full bill of costs. Defendant resisted the payment of any costs, and even though the court made suggestions to both sides with respect to a disposition of this matter so that this small issue as to the payment of costs would not further clog the calendars of this court with this action, the court was unable to convince plaintiff’s attorney to make any concessions whatsoever. If plaintiff is correct in her position, she is justified in making the demand for a full bill of costs. On the other hand, however, if defendant’s contention is correct, plaintiff is not entitled to secure the entire balance of the indebtedness. *895 During the conference, defendant’s attorney indicated his readiness to make some concessions with respect to costs and to pay all of the disbursements together with a partial payment of costs, which offer plaintiff’s attorney refused to accept. It has, therefore, become necessary for the court to determine this motion and it is unfortunate that because of this comparatively minor dispute, this action will have to be tried.
The court has come to the conclusion that the defendant’s claim of payment precludes the granting of summary judgment. Although upon the argument of the motion, plaintiff’s attorney requested that the court disregard the defendant’s claim under the theory that there was no merit thereto, the court may not do so, since if true, defendant’s position does raise a triable issue of fact. Under the circumstances, the motion for summary judgment is in all respects denied.